IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOSE RAMOS, | ) | No. 32675-6-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | UNPUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

Brown, J. — Jose Ramos appeals the trial court's ruling affirming three wage orders issued by the Department of Labor and Industries (the Department). He contends substantial evidence does not support certain court findings. We disagree and deny his attorney fees request under RAP 18.1 and RCW 51.52.130.

FACTS

On September 3, 2009, Mr. Ramos injured his knee and ankle while working as a seasonal apple picker for Double S Orchards. Mr. Ramos filed a workers' compensation claim under the name "Jose Ramos." In order to determine Mr. Ramos' time loss compensation benefits, the Department asked Mr. Ramos about his work history, wages, and children. Mr. Ramos told the Department he worked and/or attempted to work full-time, however he never provided documentation to support this

statement. He said he had three children but was unable to provide the Department with their birth certificates or any other information about them.

In September 2012, the Department affirmed a previous wage order calculating Mr. Ramos' total gross monthly wages at $48.64 using (1) a letter from Double S Orchards indicating Mr. Ramos was a seasonal harvest picker and (2) Mr. Ramos' Employment Security records. The records showed no wages were reported for Mr. Ramos from 2007 through the second quarter of 2009; the only wages reported were for $583.73 in the third quarter of 2009. Based on this information, the Department applied RCW 51.08.178(2) to determine Mr. Ramos' monthly rate of pay was $48.64. The Department issued two orders assessing overpayments. The first, dated July 17, 2012, assessed an overpayment of $189.34 for the period from December 1, 2009, through December 7, 2011. The second, dated July 18, 2012, assessed an overpayment of $229.50 for the period from July 20, 2011, through May 23, 2012. Mr. Ramos appealed all three orders to the Board of Industrial Insurance Appeals (the Board).

At the Board hearing, Mr. Ramos was asked about his children. He gave two different birth dates for his unnamed son and identified the birth date of only one daughter. Regarding his wages, Mr. Ramos testified he was making $1,500 to $1,600 per month prior to his injury and worked for all but two weeks of each year. For the first time, Mr. Ramos asserted he worked during 2008 and 2009 under the names Miguel Amezola Farias and Mario Marmolejo. He related employer names, wages earned, and

2

the number of weeks worked. His testimony was not specific; he had difficulty recalling how much he worked and/or what he earned at specific employers.

The Board affirmed the Department's orders. Mr. Ramos appealed to superior court. The court affirmed the Board's decision, noting "[t]he gaps and inconsistencies in [Mr. Ramos'] testimony belied his position that he is a full time worker with three dependent children." Clerk's Papers (CP) at 125. Mr. Ramos appealed.

## ANALYSIS

The issue is whether the superior court erred in affirming the Department's orders assessing overpayments and setting Mr. Ramos' gross monthly wage at $48.64. He contends his unrefuted, specific testimony detailing his employment under two additional names during 2008-2009 contradicts the court's decision.

"Our review of a superior court's decision is limited to examining the Board record to determine whether substantial evidence supports the superior court's de novo review findings and whether the court's conclusions of law flow from those findings." *Dellen Wood Prods. v. Dep't of Labor & Indus.*, 179 Wn. App. 601, 618, 319 P.3d 847 (2014). Substantial evidence is evidence sufficient "to persuade a fair-minded, rational person of the truth of the stated premise." *Eastwood v. Dep't of Labor & Indus.*, 152 Wn. App. 652, 657, 219 P.3d 711 (2009). We review the record in the light most favorable to the party who prevailed in superior court. *Harrison Mem'l Hosp. v. Gagnon*,

110 Wn. App. 475, 485, 40 P.3d 1221 (2002). We do not weigh or balance the competing testimony and inferences or "apply anew the burden of persuasion." *Id.*[1]

Mr. Ramos contests finding of fact 1.3: "Mr. Ramos provided no evidence from any independent source that he actually was employed under the names of Miguel Amezola Farias or Mario Marmolejo. He did not prove any source of income earned under these names." CP at 127. Mr. Ramos admits the first sentence is true but argues no law requires him to provide evidence from an independent source and thus incorrectly reasons his testimony concerning his work under the names Miguel Amezola Farias and Mario Marmolejo must prevail. But the court's finding did not require him to provide independent evidence; it merely noted he had not done so. This finding is supported by substantial evidence. The court, in assessing Mr. Ramos' credibility, appropriately noted no other evidence corroborated Mr. Ramos' testimony.

Mr. Ramos next contests the second sentence of finding 1.3 in conjunction with the Board's finding 5, adopted by the court in finding 1.4: "Jose Ramos did not work under the names of Miguel Amezola Farias and Mario Marmolejo in 2008 or 2009." CP at 34, 127. Mr. Ramos argues his unrefuted, clear, specific testimony regarding his employers' names, the number of weeks he worked, and the wages he earned

---

[1] Mr. Ramos argues the liberal construction doctrine applies and any doubts must be resolved in his favor. But liberal construction does not apply to questions of fact, our concern here. *See Raum v. City of Bellevue*, 171 Wn. App. 124, 155 n.8, 286 P.3d 695 (2012), *review denied*, 176 Wn.2d 1024 (2013)); *Ehman v. Dep't of Labor & Indus.*, 33 Wn.2d 584, 595, 206 P.2d 787 (1949). Mr. Ramos must still, "by competent evidence, prove the facts upon which [he] rel[ies.]" *Ehman*, 33 Wn.2d at 595.

4

constitutes proof he worked under the names Miguel Amezola Farias and Mario Marmolejo. Mr. Ramos' argument presents two problems.

First, Mr. Ramos problematically asks us to rebalance the testimony and reassess credibility. The superior court found Mr. Ramos' self-serving testimony not credible. "[W]hether self-serving testimony should be discounted is a credibility issue for the trier of fact, and [appellate courts] will not review it." *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 910, 138 P.3d 177 (2006). The court noted several "gaps and inconsistencies in [Mr. Ramos'] testimony" concerning "his position that he is a full time worker with three dependent children." CP at 125. Mr. Ramos gave two different birth dates for his son, he failed to give a birth date for one of his daughters, and he failed to provide independent evidence showing he was employed under the names Miguel Amezola Farias or Mario Marmolejo. Mr. Ramos appears to argue Employment Security records for Miguel Amezola Farias and Mario Marmolejo used by his counsel at the Board hearing show he was employed under those names. However, those records were not admitted into evidence, and no evidence other than Mr. Ramos' testimony shows it was he who worked under those two names.

Second, Mr. Ramos misapplies the substantial evidence standard. While he did produce evidence to support his theory of the case, the standard is whether substantial evidence supports the court's findings; it does. *See Dave Johnson Ins. Inc. v. Wright*, 167 Wn. App. 758, 778, 275 P.3d 339 (2012) ("When a trial court bases its findings of fact on conflicting evidence and there is substantial evidence to support the findings

5

entered, [appellate courts] do not reweigh the evidence and substitute [their] judgment even though [they] might have resolved the factual dispute differently."). With Mr. Ramos' self-serving testimony appropriately discounted by the court, the remaining evidence substantially supports the court's findings. Employment Security records showed Mr. Ramos worked solely in the third quarter of 2009 at Double S Orchards. Testimony showed Mr. Ramos failed to provide the Department with any work history other than that under the name Jose Ramos. Testimony showed Mr. Ramos' workers' compensation claim was filed under the name Jose Ramos. Testimony showed Mr. Ramos failed to provide independent verification, such as a paystub, that he worked under two additional names. Given all, substantial evidence supports the court's finding Mr. Ramos did not prove any source of income under the names Miguel Amezola Farias or Mario Marmolejo or even show he worked under those names.

Lastly, Mr. Ramos contests the Board's finding of fact 3, adopted by the court in finding 1.4: "On September 3, 2009, Jose Ramos was single, had no dependents, and earned $48.64 monthly, based on $583.73, earned for all of 2008 through 2009." CP at 34, 127. Mr. Ramos again unpersuasively argues his gross wages were improperly calculated because the Department could not refute his testimony. The court did not believe his testimony. The evidence showed he earned no wages from 2007 through the second quarter of 2009; he earned $583.73 in the third quarter of 2009. Using RCW 51.08.178(2), the Department calculated Mr. Ramos' total wages earned in the 12

6

months preceding his injury was $583.73 and divided this by 12 to get $48.64. This finding is supported by substantial evidence.[2]

Mr. Ramos contests conclusion of law 2.3, where the court affirmed the Board's decision. He contests conclusions of law 2.4, 2.5, and 2.6, where the court affirmed the Department's wage orders. Substantial evidence supports the court's findings that Mr. Ramos did not work under two additional names and only earned $583.73 under his name in the relevant time period. These findings thus support the court's conclusions affirming the Board's decision and the Department's orders.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

---

[2] Mr. Ramos challenges the portions of finding of fact 1.4 (seen in the Board's findings 7 and 8) stating the Department correctly assessed the overpayments. He argues, and the Department agrees, these are conclusions of law. We review a conclusion of law erroneously labeled a finding of fact as a conclusion of law. *Scott's Excavating Vancouver, LLC v. Winlock Properties, LLC*, 176 Wn. App. 335, 342, 308 P.3d 791 (2013). These conclusions are discussed next.